[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action, the plaintiff seeks a dissolution of marriage and ancillary relief both legal and equitable. Although the defendant filed a cross complaint the parties have elected to proceed on the complaint.
Following a trial on the issues at which both parties were present and represented by counsel the Court makes the following findings and orders:
The plaintiff, whose maiden name was Gail Ann Hampton, and the defendant intermarried at Manchester, Connecticut on June 8, 1979.
The plaintiff has lived continuously in this state for at least twelve (12) months next preceding the filing of her complaint.
There are two (2) minor children issue of the marriage, Carrie Ann Walsh, born October 17, 1980 and Patrick Thomas Walsh, born May 22, 1984.
No other children were born to the plaintiff since the date of the marriage.
No governmental agency is contributing to the support of the parties or said minor children. CT Page 6025
The marriage between the parties has broken down irretrievably and there is no reasonable expectation of a reconciliation between the parties.
Accordingly, the marriage is ordered dissolved on the grounds of irretrievable breakdown.
Custody:
The parties shall have joint custody of the two minor children. Their principal place of residence shall be with the wife.
Visitation:
The husband shall have reasonable rights of visitation, which shall include, but are not necessarily limited to (upon agreement of the parties otherwise) the following:
1. Every other weekend from Friday at 6:00 P.M. until Sunday at 7:30 P.M., if there is school on the Monday following. If there is no school on the Monday following, then the visitation shall end at 9:00 P.M. on Sunday.
2. Every Wednesday from 6:00 P.M. to 8:00 P.M. (9:00 P.M. on "non school" nights).
3. One Friday per month preceding a weekend where there is no scheduled weekend visitation, from 6:00 P.M. to 9:00 P.M.
4. Two (2) consecutive weeks during the months of July and August 1993 (from Friday at 6:00 P.M. through Sunday at 9:00 P.M.). Commencing in 1994, the husband shall have a third week during July or August which shall not be a consecutive third week, but shall be separated by at least one intervening weekend, (from Friday 6:00 P.M. to Sunday 9:00 P.M.)
 The husband is to notify the wife by April 15 preceding of the weeks selected for summer vacation. CT Page 6026
5. The wife shall have the children on Mother's Day (from 12:00 noon if it is a scheduled visitation weekend). The husband shall have the children on Father's Day (from 12:00 noon to 7:00 P.M. if it is not a scheduled visitation day).
6. Except for Christmas, the parties shall alternate on an annual basis all legal holidays with the wife having the children on July 4, 1993 and the husband having the children on Labor Day, the wife will have the children the next legal holiday, the husband the next and so on. Commencing July 4, 1994, the parties shall reverse their holidays.
7. Beginning Christmas 1993, the wife shall have the children Christmas Eve and Christmas Day until 1:00 P.M. The husband shall have the children from 1:00 P.M. Christmas Day to 9:00 P.M. In 1994, the husband shall have the children Christmas Eve from 6:00 P.M. through 1:00 P.M. Christmas Day and the wife shall have the children from 1:00 P.M. on Christmas Day. The parties shall thereafter alternate the Christmas visitation in accordance with this schedule.
8. School Vacations
 The parties shall split the Christmas vacation from school between Christmas and New Years. On an alternating annual basis, one party shall have the children during the winter vacation from school and the other party shall have the children during the spring vacation from school.
9. If a specific holiday visitation order conflicts with "regular" visitation orders, the holiday orders shall take precedence.
Child Support:
In accordance with child support guidelines, the husband shall pay $150.00 per week ($75.00 per child) as support. Since there is no history of non-payment or late payments this order is to be enforced by a contingent wage garnishment. CT Page 6027
To insure continued compliance with child support guidelines, the husband shall provide the plaintiff with a copy of his W-2 statement for the prior year no later than February 28th of each year.
Alimony:
Periodic alimony is not awarded to either party.
Tax Exemptions:
The plaintiff shall be entitled to claim Patrick and the defendant shall be entitled to claim Carrie for income tax exemption purposes.
Medical Insurance:
Each party shall maintain such medical, dental and major medical insurances as may be available to them through their respective employers for the benefit of the minor children during their minorities. The parties shall split equally all unreimbursed medical and dental expenses of the minor children. (The provisions of Section 46b-84c apply).
Residence Change Notification:
Neither party shall permanently change the residence of either child outside the State of Connecticut without first having provided the other party with 90 days advance written notice.
Counsel Fees:
Each party shall be responsible for his/her own counsel fees. (In view of this order the Court does not order reimbursement of sums taken from the parties joint bank accounts by the wife at the time she commenced this action)
Life Insurance:
To the extent the husband has an insurance policy on his life provided by his employer, he shall maintain the minor children as irrevocable beneficiaries until each attains the age of eighteen (18) years, up to the face amount of CT Page 6028 $75,000.00 (or such lesser amount which may be provided to him). The husband shall provide the wife with documentary evidence of such insurance.
Miscellaneous:
The Court does not order the husband to contribute monies beyond the ordered support for "cultural enhancement" or "day care" contributions.
Child support payments are not to be suspended during the time the children reside with the husband for periods of one week or longer as the husband has requested. (The wife's fixed expenses, i.e. rent, utilities, continue during this period, and in light of the other orders herein the Court determines it is appropriate and reasonable that the support obligation continue without suspension).
BY THE COURT,
Lawrence C. Klaczak, Judge, Superior Court